# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JONES,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DAVID DAVIES,<br><br>　　　　Respondent. | Case No. 1:14-cv-01752-LJO-SAB-HC<br><br>ORDER DENYING MOTION TO ALTER OR AMEND THE JUDGMENT<br><br>(ECF No. 25) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 2, 2016, the Court denied the petition and entered judgment. (ECF Nos. 23, 24). On June 3, 2016, the Court received the instant motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59. (ECF No. 25).

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Petitioner constructively filed the instant motion on May 27, 2016,[1] within twenty-eight days of the entry of judgment, and so the Court considers Petitioner's motion under Rule 59(e). The Ninth Circuit has recognized that altering or amending a judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of

---

[1] Pursuant to the prison mailbox rule, "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail." Lott v. Mueller, 304 F.3d 918, 921 (9th Cir.2002) (citing Houston v. Lack, 487 U.S. 266, 270–71 (1988)). Here, Petitioner delivered the motion to the prison authorities for mailing on May 27, 2016. (ECF No. 25 at 8).

1

finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). The Ninth Circuit has held:

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)).

Petitioner contends that altering or amending the judgment is warranted because there has been an intervening change in controlling law, citing to Montgomery v. Louisiana, 136 S. Ct. 718 (2016). Petitioner argues that in denying the petition, the Court declined to retroactively extend the benefits of Miller v. Alabama, 132 S. Ct. 2455 (2012), to Petitioner. (ECF No. 25 at 4).[2] In Montgomery, the Supreme Court held that Miller's prohibition on mandatory life without parole for juvenile offenders announced a new substantive rule of constitutional law with retroactive effect. 136 S. Ct. at 736. Montgomery was decided on January 25, 2016, before the findings and recommendation, order denying the petition, and judgment were issued. Thus, it is not an intervening change in controlling law. Further, the Court considered Miller and determined that the California state court's decision was not contrary to, or an unreasonable application of, Miller. Accordingly, the Court finds that relief under Rule 59(e) is not warranted based on an intervening change in controlling law.

Petitioner also contends that the motion is necessary to correct manifest errors of law and to prevent manifest injustice with respect to Petitioner's claims regarding the trial court's failure to sever his trial, failure to ascertain whether the ill juror was subject to any undue pressure, and decision to restrict the defense's post-trial juror access. (ECF No. 25 at 1–2, 5–7). These arguments were already raised in Petitioner's objections to the findings and recommendation, which the Court reviewed and considered when it conducted a de novo review of the case.

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

Accordingly, the Court finds that relief under Rule 59(e) is not warranted based on Petitioner's contentions of manifest errors of law and injustice.

Based on the foregoing, IT IS HEREBY ORDERED that the motion to alter or amend the judgment is DENIED.

IT IS SO ORDERED.

Dated: **June 21, 2016**      /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

3